# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| STEVE BATTA, *etc.*, | EDCV 20-02529 TJH (Ex) |
| Plaintiff, | |
| v. | **Order** |
| YRC INC., *et al.*, | [7]  [13] |
| Defendants. | |

    The Court has considered the motion to dismiss filed by Defendants YRC Inc. and YRC Worldwide, Inc. [collectively, "YRC"], and Batta's motion to remand, together with the moving and opposing papers.

    On October 13, 2020, Batta filed this wage and hour putative class action against his former employer, YRC. On December 10, 2020, YRC removed, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ["CAFA"].

    The case was assigned to this Court because it was related to two previously filed wage and hour class actions, *Alvarez v. YRC Inc., et al.*, 12-cv-01374 TJH (Ex) and *Schroeder v. YRC Inc., et al.*, 16-cv-06174 TJH (Ex). Because the wage and hour claims alleged in *Alvarez* and *Schroeder* were substantially similar and included some overlap, those cases were consolidated. On September 19, 2018, the Court certified

the consolidated class action. On April 22, 2019, the parties stipulated that, *inter alia*: (1) On March 13, 2019, the class administrator mailed the class notice to all class members; and (2) Class members had until April 12, 2019, to request to be excluded from the class. The April 22, 2019, stipulation did not indicate that any class member requested to be excluded from the class.

Subsequently, the parties in *Alvarez* and *Schroeder* filed cross motions for summary judgment. The Court, *inter alia*, granted YRC's motion for summary judgment as to Alvarez's and Schroeder's claims. Consequently, on December 21, 2020, the Court entered judgment in favor of YRC in the consolidated class action.

While the cross motions for summary judgment in *Alvarez* and *Schroeder* were pending, YRC moved to dismiss the instant case. Batta, also, moved to remand this case.

**Motion to Remand**

Removal under CAFA is appropriate if the parties are minimally diverse and the amount in controversy exceeds $5,000,000.00. *See* 28 U.S.C. §1332. In the notice of removal, YRC calculated that the sum of the amounts in controversy for just four of Batta's ten claims exceeded $9,000,000.00.

In his motion, Batta argued that YRC's amount in controversy calculations were based on the unreasonable assumption of a 100% violation rate. Once a plaintiff challenges the reasonableness of a defendant's amount in controversy assumptions, the burden shifts to the defendant to prove by a preponderance of the evidence that its assumptions were, indeed, reasonable. *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701 (9th Cir. 2020).

YRC argued, *inter alia*, that its assumptions were reasonable because they were based, in part, on the allegations of "uniform policies/practices … such that the putative class members were all subject to the same illegal working conditions." Indeed, Batta's complaint is replete with allegations that YRC failed to "pay ***all*** overtime wages,"

"provide *all* meal periods," and "provide *all* rest periods." YRC's assumption of a 100% violation rate is not unreasonable if that is the basis for Batta's claims.

Accordingly, the motion to remand must be denied.

**Motion to Dismiss**

YRC argued that dismissal is warranted, here, because, *inter alia*, Batta's claims were improperly split from *Alvarez* and *Schroeder*, and that Batta was a class member in the consolidated class action. In his opposition, Batta argued that his claims were neither split nor precluded because he was not a named representative in either *Alvarez* or *Schroeder,* and there is, at least, one claim that is separate and distinct from those asserted in *Alvarez* and *Schroeder*.

It appears to the Court that the parties have conflated the issues of claim splitting and preclusion. The relevant issue is whether Batta's claims, here, are precluded, pursuant to the final judgment in *Alvarez* and *Schroeder*.

It is undisputed that Batta was not a named class representative in either *Alvarez* or *Schroeder*. Nevertheless, an absent class member may, still, be bound to a class action judgment if due process was satisfied. *See Crawford v. Honig*, 37 F.3d 485, 488 n.2 (9th Cir. 1994). In class actions for money damages, like *Alvarez* and *Schroeder*, adequate notice to absent members, adequate representation, and an opportunity for the class member to opt out of the suit satisfies due process. *See Crawford*, 37 F.3d at 488 n.2. The "notice requirement was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit." *Besinga v. United States*, 923 F.2d 133, 137 (9th Cir. 1991). Once a class action is certified under Fed. R. Civ. P. 23, all class members are bound by the judgment unless they opted out of the suit. *McElmurry v. United States Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). Based on the record, it appears that notice was sent to all class members in *Alvarez* and *Schroeder,* including Blatta. However, the parties did not adequately brief the issue.

Consequently, the parties shall file supplemental briefs as to whether Blatta's claims, here, are precluded based on the final judgment in *Alvarez* and *Schroeder*.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion for remand be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Blatta shall file a supplemental opposition to the motion to dismiss March 8, 2021. YRC's supplemental reply shall be filed by March 15, 2021.

Date: February 19, 2021

_____
Terry J. Hatter, Jr.
Senior United States District Judge